IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 09-CA-13102
#34

BIRGIT SCHNELL, as Personal
Representative of the ESTATE OF
GEORGE S. SCHENLL, deceased,
BIRGIT SCHNELL, as guardian
and next friend of STEVEN G. SCHNELL
and ERIC G. SCHNELL, minors,
    Plaintiffs,

Vs.

AMERICAN FEDERATION OF
MUSICIANS AND EMPLOYERS'
PENSION FUND,
    Defendant.
_____/

## COMPLAINT

Plaintiffs, BIRGIT SCHNELL, as Personal Representative of the ESTATE OF GEORGE S. SCHNELL, deceased, BIRGIT SCHNELL, as guardian and next friend of STEVEN G. SCHNELL and ERIC G. SCHNELL, minors, file this Complaint and sues the Defendant, AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND ("The Fund"), and alleges:

1. This is an action for damages that exceed the sum of $15,000.00, exclusive of interest and attorneys' fees.

2. The Fund conducts the business of providing pension benefits in the State of Florida and in Orange County, Florida.

3. The Plaintiff, BIRGIT SCHNELL, is the Personal Representative of the ESTATE OF GEORGE S. SCHNELL, deceased. GEORGE S. SCHENLL died on January 31, 2008.

4. ERIC G. SCHNELL and STEVEN G. SCHNELL are minors, who are the sons and lineal descendants of GEORGE S. SCHNELL. BIRGIT SCHNELL is the Guardian and next friend of ERIC G. SCHNELL and STEVEN G. SCHNELL, minors.

5. GEORGE S. SCHNELL and his employer during the lifetime of GEORGE S. SCHENLL, made contributions to the AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND.

6. The Plaintiffs, ERIC G. SCHNELL and STEVEN G. SCHNELL, as lineal descendants of GEORGE S. SCHNELL, are entitled to the payment of benefits from The Fund upon the death of GEORGE S. SCHENLL.

7. The benefits that are to be paid upon the death of GEORGE S. SCHNELL are included and described in a document called the American Federation of Musicians and Employers' Pension Plan and other related documents, collectively referred to as the Plan. The Plan is in the possession of the Defendant and the Defendant is fully aware of its provisions.

8. During the time that contributions were made to the Plan on behalf of GEORGE S. SCHNELL, and at the time GEORGE S. SCHNELL began participating in the Plan, the definition of "Beneficiary" that applied and governed is attached hereto as Exhibit "A". The Defendant may not change after the fact, the definition of "Beneficiary" that is set forth in Exhibit "A".

9. The Plaintiffs are beneficiaries who are entitled to the payment of benefits from the Defendant under the terms of the Plan, and have duly and properly applied for the benefits.

10. The Defendant has breached the terms of the Plan by failing to pay to the Plaintiffs any benefits whatsoever that are due under the Plan.

11. The Plaintiffs have complied with all conditions precedent to receive the benefits due under the Defendant's Plan.

12. As a result of the Defendant's breach of the provisions of its Plan, the Plaintiffs have suffered damages.

13. The Plaintiffs have been required to hire legal counsel to assist, and the Plaintiffs are entitled to recover attorney's fees.

14. The Plaintiffs are entitled to recover pre-judgment interest at the legal rate on their liquidated damages.

15. The Plaintiffs have performed all conditions precedent to the filing of this action or said conditions have been waived.

WHEREFORE, the Plaintiffs, BIRGIT SCHNELL, as Personal Representative of the Estate of George S. Schnell, deceased and BIRGIT SCHNELL as Guardian and next friend of ERIC G. SCHNELL and STEVEN G. SCHNELL, minors, demand judgment against the Defendant, AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, for damages, together with pre-judgment interest, reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper. The Plaintiffs demand trial by jury of all issues triable by jury.

3

DATED this April 27, 2009.

*W. Marvin Hardy III*
W. MARVIN HARDY, ESQUIRE
Florida Bar No. 097068
1209 Belleaire Circle
Orlando, FL 32804
(407) 422-0618
Attorney for Plaintiffs


*Frank M. Townsend*
FRANK M. TOWNSEND, ESQUIRE
Florida Bar No. 98208
520 Emmett Street
Kissimmee, FL 34741
(407) 846-2500
Attorney for Plaintiffs

# ARTICLE 1

## DEFINITIONS

**Section 1.1  ACCIDENTAL DEATH.** The term "Accidental Death" shall mean death sustained solely through external, violent and accidental means and shall not include death resulting from or caused directly, wholly or partly by (i) bodily or mental infirmity or disease or illness of any kind, other than death resulting from infection attributable to an accident, (ii) intentional self-destruction or intentional self-inflicted injury, or (iii) participation in the commission of a felony.

**Section 1.2  ACTIVE PARTICIPANT.** The term "Active Participant" shall mean an Employee who meets the requirements for participation in the Plan as set forth in Section 2.01 and whose active participation in the Plan has not ceased pursuant to Section 2.03.

**Section 1.3  ACTUARIAL EQUIVALENT.** The term "Actuarial Equivalent" shall mean a benefit payable under this Plan in accordance with a benefit payment option available herein which is of equivalent actuarial value to the benefit otherwise payable to such Participant. The actuarial factors used to calculate Actuarial Equivalent benefits are the factors set forth in Appendix A, as may from time to time be amended by the Trustees.

**Section 1.4  ADMINISTRATIVE COMMITTEE.** The term "Administrative Committee" shall mean the Administrative Committee of the Trustees as designated by the Trustees from time to time.

**Section 1.5  AFM.** The term "AFM" shall mean the American Federation of Musicians of the United States and Canada, and any local unions (and certain related entities) duly affiliated therewith.

**Section 1.6  ANNUITY STARTING DATE.** The term "Annuity Starting Date" shall mean the first day of the first period for which an amount is paid or payable as an annuity or any other form.

**Section 1.7  BASIC MONTHLY AMOUNT.** The term "Basic Monthly Amount" shall mean the amount determined pursuant to Section 5.03(a).

**Section 1.8  BENEFICIARY.** The term "Beneficiary" shall mean that person (or trust) entitled to payments commencing with the death of the Participant by reason of the fact that he or she (or it) is named as the person (or trust) so entitled in the last written statement filed with the Plan Administrator by the Participant prior to his or her death. If such person shall predecease the Participant or shall die prior to receiving all guaranteed payments to which he or she is entitled under the Plan, (or such trust shall terminate before the Participant dies or before receiving all guaranteed payments to which it is entitled under the Plan), if applicable, the term shall refer to the person (or trust) named as the alternate beneficiary in the last written statement filed by the Participant with the Plan Administrator prior to his or her death. If for any reason a deceased Participant failed to file a statement designating a Beneficiary, or if the designated

Beneficiary (including the alternate beneficiary named by the Participant, if any) shall predecease the Participant or shall die prior to receiving all guaranteed payments to which he or she is entitled under the Plan, the term Beneficiary shall refer to the first surviving person or persons in the following classes of successive preference: (i) the surviving spouse of the deceased Participant, (ii) the children of the deceased Participant, (iii) the parents of the deceased Participant, (iv) the siblings of the deceased Participant, or (v) the duly appointed executor or administrator of the estate of the deceased Participant; provided, however, that if there are one or more Beneficiaries in a prior enumerated class, any Beneficiaries in a subsequent class shall not be entitled to any benefit payments, and if there is more than one Beneficiary in a class entitled to benefits, the amount shall be distributed ratably among all such Beneficiaries in that class. In cases where there are no Beneficiaries in any of the foregoing enumerated classes, and no executor, administrator or other representative of the deceased Participant's estate has been duly appointed, no further benefit shall be paid on behalf of the deceased Participant.

Notwithstanding anything in this Section to the contrary, to the extent required by Articles 7 and 8 of the Plan, the deceased Participant's surviving Eligible Spouse shall be such Participant's Beneficiary for all purposes of the Plan.

Notwithstanding anything in this Section to the contrary, for purposes of Sections 5.09, 8.07, 8.08, 10.03, 11.05, 11.06, and 11.14 of the Plan, the term "Beneficiary" shall also include a Joint Annuitant.

Section 1.9    CODE. The term "Code" shall mean the Internal Revenue Code of 1986, as amended, and all regulations promulgated pursuant thereto.

Section 1.10    CONTRIBUTIONS OR EMPLOYER CONTRIBUTIONS. The terms "Contributions" or "Employer Contributions" shall mean the monies required to be paid to the Trust Fund by Employers pursuant to the terms of the Trust Agreement, applicable collective bargaining agreement, participation agreement, or similar agreement acceptable to the Trustees. Contributions or Employer Contributions shall be based solely on Covered Earnings received by Participants for Covered Employment. Notwithstanding the foregoing, the terms "Contributions" or "Employer Contributions" shall, to the extent required by law, also mean contributions credited on behalf of an Employee based on Covered Earnings credited for a Period of Military Service.

Section 1.11    COVERED EARNINGS OR EARNINGS. The terms "Covered Earnings" or "Earnings" shall mean the earnings, not in excess of scale wages, received by an Employee from an Employer for Covered Employment which serve as the basis for which Contributions are required to be paid to the Trust Fund. For purposes of determining benefit accruals, Covered Earnings or Earnings taken into account for any Employee for any calendar year shall not exceed $200,000, as adjusted in accordance with Section 401(a)(17) of the Code; provided, however, that this limitation shall not apply for purposes of Section 5.10 and shall otherwise apply separately with respect to each Employer from whom an Employee has Covered Earnings or Earnings.